Virendra Sen Tilak ANGANU, aka Vijendra Sen Tilak Anganu, Petitioner,

v.

John ASHCROFT, Attorney General,* Respondent.

No. 02–72292.
Agency No. A72–688–249.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 9, 2003.

Decided Jan. 9, 2004.

* Attorney General John Ashcroft has been substituted as respondent for the Immigration and Naturalization Service, pursuant to Rule 43(c)(2) of the Federal Rules of Appellate Procedure. INS ceased to exist on March 1, 2003.

Ashwani K. Bhakhri, Joseph J. Siguenza, Law Offices of Ashwani K. Bhakhri, Burlingame, CA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Shelley R. Goad, U.S. Department of Justice, Washington, DC, for Respondent.

Before B. FLETCHER, TASHIMA, Circuit Judges, and POLLAK, District Judge.**

MEMORANDUM***

Virendra Sen Tilak Anganu, a native of Fiji, petitions for review of the Board of Immigration Appeals' decision affirming the Immigration Judge's ruling which denied his applications for asylum and withholding of deportation. We have jurisdiction pursuant to 8 U.S.C. § 1105a (1994), as amended by section 309(c)(4) of the Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA), Pub.L. 104–208, 110 Stat. 3009 (1996), because Anganu had been placed in deportation proceedings as of IIRIRA's effective date, but the final order of deportation was entered more than thirty days after such date. We review the Board's adverse credibility determinations under the substantial evidence standard. *Alvarez–Santos v. INS*, 332 F.3d 1245, 1254 (9th Cir. 2003). We grant Anganu's petition and remand to the Board for further proceedings.

The Board's determination that Anganu's testimony at the deportation hearing was not credible is not supported by substantial evidence. The Board based its adverse credibility findings, as did the Immigration Judge, primarily on inconsistencies in Anganu's testimony and applications as to the dates and duration of his detentions in Fiji. We have made clear that "[m]inor inconsistencies in the record such as discrepancies in dates which reveal nothing about an asylum applicant's fear for his safety are not an adequate basis for an adverse credibility finding." *Vilorio–Lopez v. INS*, 852 F.2d 1137, 1142 (9th Cir.1988). In this case, Anganu's testimony was consistent as to the circumstances of the detentions, and especially as to the physical abuse that he endured. Moreover, when he was confronted with the inconsistencies in his account as to the dates and length of the detentions, he provided reasonable explanations for the discrepancies. *See Garrovillas v. INS*, 156 F.3d 1010, 1014 (9th Cir.1998) ("[I]nconsistencies of less than substantial importance for which a plausible explanation is offered" cannot serve as the sole basis for an adverse credibility finding.).

The remaining "inconsistencies" raised by the Immigration Judge are either minor or not actual discrepancies. First, the IJ appeared troubled by the fact that, in his asylum applications, Anganu had not described that the police had attempted to rape him during one of the detentions. However, at the merits hearing Anganu volunteered even before being asked that this incident had not been included in his application because of problems with the person who prepared it. *Cf. Singh v. Ashcroft*, 301 F.3d 1109, 1112 (9th Cir.2002) (fact that oral testimony included detail omitted from written documents does not render testimony inconsistent). The IJ also seemed to think that Anganu had

** The Honorable Louis H. Pollak, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

been inconsistent in describing when his fingers had been broken, but any discrepancy only reflected Anganu's confusion as to the dates of his first detention. Finally, the Immigration Judge appeared to be troubled by a lack of corroboration in Anganu's asylum application. However, Anganu did submit an affidavit and a letter in support of his application, as well as documentary evidence on the treatment of ethnic Indians by Fiji's government. Moreover, even if this had not been the case, it is well-established that an asylum applicant can meet his or her burden of proof without corroborative evidence. *Ladha v. INS,* 215 F.3d 889, 901 (9th Cir.2000). The IJ's adverse credibility determination affirmed by the Board is therefore not supported by substantial evidence.[1]

Because the Board did not have an opportunity to determine whether, accepting Anganu's testimony as credible, the record establishes his eligibility for asylum and withholding of deportation, we remand Anganu's case for further proceedings. *See INS v. Ventura,* 537 U.S. 12, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam) (courts should remand to the BIA issues not decided by that agency in the first instance). We grant the petition for review and remand.

PETITION FOR REVIEW GRANTED; REMANDED.

---

1. Because we grant the petition for review on other grounds, we do not reach Anganu's claims that he was deprived of his due process and statutory rights to counsel. However, we note our disapproval of the IJ's decision to proceed with Anganu's hearing in the absence of counsel without making any effort to ascertain the reasons for such absence. Thus, the record does not disclose whether a short continuance, or even a simple phone call, could have procured the attendance of Anganu's counsel. We recognize the difficult work performed by immigration judges, as well as the sheer number of cases they face, but the stakes are simply too high in asylum cases for expediency to be the paramount norm. It is difficult enough for asylum applicants to obtain representation, and immigration judges should therefore make at least minimal efforts to protect an applicant's statutory right to counsel.